IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INSPIRED ASSOCIATES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3661-N |
| | § | |
| ENROLLFORCE, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Plaintiff Inspired Associates LLC's ("Inspired") motion to dismiss Defendant Enrollforce, LLC's ("Enrollforce") first amended counterclaims [31]. The Court denies Plaintiff Inspired's motion to dismiss.

## I. ORIGINS OF THE DISPUTE

This dispute arises out of a contractual relationship between Inspired and Enrollforce. Inspired, a wellness plan provider, entered into an agreement with Enrollforce, a benefit enrollment and communication specialist, in May 2015. Enrollforce agreed to market the Inspired Wellness Program ("IWP"), a self-funded wellness benefit plan, and assist in the process of enrolling new employers and employees in the IWP. Pl.'s Third Am. Compl. ¶¶ 9–13 [24]. Enrollforce and Inspired signed a Mutual Nondisclosure, Noncompete & Nonsolicitation Agreement ("Mutual Restrictions Agreement"). *Id.* Enrollforce also alleges the existence of a separate Marketing and Services Agreement, governing responsibilities and commission splits. Def.'s Second Am. Answer and Am. Countercl. ¶10 [30]; *but see* Pl.'s Mot. to Dismiss Def.'s Am. Countercl. 13 [31].

Inspired initiated this action against Enrollforce for breach of contract, violation of the Texas Uniform Trade Secrets Act ("TUTSA"), tortious interference with prospective business relations, conversion, and unjust enrichment. *See generally* Pl.'s Third Am. Compl. Enrollforce answered Inspired's complaint and asserted multiple counterclaims. Def.'s First Am. Answer and Orig. Countercl. [25]. Inspired filed a motion dismiss Enrollforce's original counterclaims. Pl.'s Mot. To Dismiss Orig. Countercl. [29]. Enrollforce filed an amended answer and asserted multiple amended counterclaims including claims of breach of contract, fraudulent inducement, promissory estoppel, quantum meruit, tortious interference with contracts, and attorney's fees for bringing a bad faith claim of misappropriation. *See* Def.'s Second Am. Answer and Am. Countercl. ¶¶ 32–58. Inspired again moved to dismiss the amended counterclaims. Pl.'s Mot. To Dismiss Def.'s Am. Countercl.

## II. THE LEGAL STANDARDS

### A. The Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not

accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may

ORDER – PAGE 3

permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### B. The Rule 9(b) Standard

"A fraud cause of action requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). To support a claim of fraud, a "false representation must concern a material fact as distinguished from a mere matter of opinion, judgment, probability, or expectation." *Harding Co. v. Sendero Res., Inc.*, 365 S.W.3d 732, 747 (Tex. App. – Texarkana 2012, pet. denied) (citation and punctuation removed). "Fraudulent inducement . . . is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

To survive a Rule 12(b)(6) motion to dismiss, a claim of fraudulent inducement must satisfy Rule 9(b)'s heightened pleading requirements. *See Lone Star Ladies Inv. Club v.*

*Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). Rule 9(b) states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The Fifth Circuit has interpreted Rule 9(b) to mean that a pleading must contain the "who, what, when, where, and how" of the fraudulent circumstances. *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). Moreover, "[s]light circumstantial evidence of fraud, when considered with the breach of promise to perform, is sufficient to support a finding of fraudulent intent." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986) (punctuation and citation removed); *see also Tornado BUS Co. v. BUS & Coach Am. Corp.*, 2015 WL 11120584, at *4 (N.D. Tex. 2015).

### III. THE COURT DENIES THE MOTION TO DISMISS

#### A. Enrollforce's Counterclaims Do Not Warrant Dismissal Under the TCPA

First, Inspired argues that the Texas Citizens Participation Act ("TCPA") warrants the dismissal of Enrollforce's counterclaims for tortious interference. It is true that the TCPA is grounds for dismissal where a claim is based entirely on acts that "are exercises of the right to petition as defined under the statute." *Cuba v. Plyant*, 814 F.3d 701, 711 (5th Cir. 2016) (permitting TCPA motion to dismiss in federal court); *see also id.* at 706 n.6 (noting but not deciding whether TCPA schedule follows it into federal court). But that is not the case here.

ORDER – PAGE 5

The conduct forming the basis of Enrollforce's counterclaims are not exercises of the right to petition. Rather, the crux of Enrollforce's tortious interference claims, both in the Original and Amended Counterclaims, are acts Inspired allegedly took prior to the initiation of litigation. *See* Def.'s Second Am. Answer and Am. Countercl. ¶¶ 23, 25, 39–42; *see also* Def.'s First Am. Answer and Orig. Countercl. ¶¶ 35–40. Because Enrollforce's counterclaims are based on alleged conduct that is not protected by the TCPA, the court denies Inspired's motion to dismiss the tortious interference claims under the TCPA.

### B. Enrollforce Adequately Pleads a Fraudulent Inducement Counterclaim

Inspired moves to dismiss Enrollforce's claim for fraudulent inducement on grounds that Enrollforce did not plead the claim with sufficient particularity to satisfy the requirements of Rule 9(b). *See* Pl.'s Mot. To Dismiss Def.'s Am. Countercl. 10–11. In the alternative, Inspired argues the merger clause within the Mutual Restrictions Agreement prohibits a claim for fraudulent inducement. *Id.* at 11–12. Further, Inspired argues the fraudulent inducement claim impermissibly duplicates the breach of contract counterclaim. *Id.* at 12–14.

Enrollforce has alleged enough material facts for its claim of fraudulent inducement to survive Inspired's Rule 12(b)(6) motion under the heightened pleading standard of Rule 9(b). Enrollforce alleges several representations made by Inspired that it claims are false. Enrollforce alleges that both Inspired's President and CEO falsely claimed they created and developed the IWP in two phone conversations. Def.'s Am. Answer 30–31. Enrollforce also

ORDER – PAGE 6

alleges that Inspired assured Enrollforce they did not have agreements with other enrollment services. *Id.* at 31. Enrollforce further alleges that Inspired never intended to treat the Mutual Restrictions Agreement as mutual, and continued to enroll employees independently of Enrollforce to that effect. *Id.*

Enrollforce has alleged enough material facts for its claim of fraudulent inducement to survive Inspired's Rule 12(b)(6) motion under the heightened pleading standard of Rule 9(b). Inspired allegedly made representations to Enrollforce about the origins of the product and the exclusivity of their contractual arrangement. According to Enrollforce's pleadings – which this Court must accept as true – those representations were false. These allegations show at least slight circumstantial evidence of fraud. Accordingly, the Court denies Inspired's motion to dismiss Enrollforce's fraudulent inducement claim under Rule 12(b)(6).

Inspired's alternative argument that the merger clause bars the fraudulent inducement counterclaim likewise fails. A plaintiff can maintain a fraudulent inducement claim, in spite of a merger clause, where the alleged merger clause does not mention reliance or waive claims for fraudulent inducement. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 334 (Tex. 2011). Here the Mutual Restrictions Agreement does not disclaim reliance, nor does it expressly waive claims for fraudulent inducement. *See* Pl.'s Third Am. Compl. Ex. 1-B [24-1]. Thus the merger clause does not bar the fraudulent inducement claim.

Finally, Inspired's argument that the fraudulent inducement claim is duplicative of Enrollforce's counterclaim for breach of contract claim also fails.  "Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations."  *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998).  Accordingly, the duties established by the contract are "separate and independent from" the duty to abstain from fraudulently procuring a contract.  *Id.* Because Enrollforce has sufficiently pled circumstantial evidence of fraud, a separate and independent claim for fraudulent inducement is established.

### C.  *Enrollforce Adequately Pleads a Plausible Promissory Estoppel Counterclaim*

Inspired moves to dismiss Enrollforce's claim for promissory estoppel on grounds that there was an existing contract between the parties.  Promissory estoppel requires "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment."  *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

Enrollforce adequately pleads a claim for promissory estoppel.  Enrollforce alleges that Inspired promised Enrollforce that it would be the exclusive enrollment company for the IWP.  *See* Def.'s Am. Countercl. ¶¶ 19–20.  Enrollforce alleges specific emails and phone conversations where Inspired confirmed this exclusivity.  *Id.*  Enrollforce also alleges that its reliance on the promise and the resulting affirmations was foreseeable. *Id.* at ¶ 54. Enrollforce further alleges it relied, to its detriment, on Inspired's promise and focused entirely on selling and marketing Inspired's IWP. *Id.* at ¶ 21.

ORDER – PAGE 8

Enrollforce also alleges the existence of a Marketing and Services Agreement, which Inspired disputes. *See* Pl.'s Mot. To Dismiss Def.'s Am. Countercl. 13. Regardless of the enforceability of the disputed contract, Enrollforce permissibly brought the promissory estoppel claim in the alternative. *See Sagebrush Sols., LLC v. David-James, LLC*, 2015 WL 1011789, at *3 (N.D. Tex. 2015) (stating "Federal Rule of Civil Procedure 8 allows parties to plead in the alternative, even if theories are inconsistent."). Accordingly, the Court denies Inspired's motion to dismiss Enrollforce's claim for recovery under promissory estoppel.

### D. Enrollforce Adequately Pleads a Quantum Meruit Counterclaim

Inspired likewise moves to dismiss Enrollforce's claim for quantum meruit on grounds that there was an existing contract between the parties. "Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). "Quantum meruit does not arise out of a contract, but is independent of it." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010) (citations omitted). Under Texas law, "a party will be permitted to recover under quantum meruit only when there is no express contract covering those services or materials." *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). Thus, "[r]ecovery under indisputably enforceable contracts precludes recovery in quantum meruit, unless an exception applies or it is plausible that the services rendered fall outside of the express contract." *Triumph Aerostructures, LLC v. Lockheed Martin Corp.*, 2011 WL 1336399, at *1 (N.D. Tex. 2011).

Enrollforce alleges the existence of a Marketing and Services Agreement. Inspired disputes the existence of such agreement.  Pl.'s Mot. To Dismiss Def.'s Am. Countercl. 13 [31].  The disputed contract notwithstanding, Enrollforce permissibly brought the quantum meruit claim in the alternative.  *See Sagebrush Sols., LLC v. David-James, LLC*, 2015 WL 1011789, at *3 (N.D. Tex. 2015) (stating "Federal Rule of Civil Procedure 8 allow[s] parties to plead in the alternative, even if theories are inconsistent.").  Thus the Court denies Inspire's motion to dismiss Enrollforce's quantum meruit claim.

### E. Enrollforce Adequately Pleads a Tortious Interference Counterclaim

Inspired moves to dismiss Enrollforce's claim for tortious interference with contract. A claim for tortious interference with contract requires proof of four elements: (1) the plaintiff had a valid contract, (2) the defendant wilfully and intentionally interfered with the contract, (3) the interference proximately caused the plaintiff's injury, and (4) the plaintiff incurred actual damage or loss.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).

Enrollforce claims that Inspired tortiously interfered with two specific agreements, Broker/Insurer Agreements with CT Companies and Unum Insurance Company.  Def.'s Am. Countercl. ¶¶ 40–41.  Enrollforce states a facially plausible claim for tortious interference for both agreements.  Enrollforce's allegations sufficiently identify the two specific contracts with which Inspired interfered.  *Cf. Station Holdings, Inc. V. Russell Athletic, Inc.*, 2009 WL 4016117, at *4–5 (N.D. Tex. 2009) (dismissing tortious interference claim based on

plaintiff's "inability to service or fill orders for its 'existing' customers"). Enrollforce also alleges Inspired knew of these agreements and induced the third parties to breach their agreements with Enrollforce by enrolling employers in the IWP without Enrollforce. Def.'s Am. Countercl. ¶¶ 40–41. The allegations in the Amended Counterclaims, taken as true, state a plausible claim for relief against Inspired based on its tortious interference with both the CT Companies and Unum Insurance agreements.

### F. Enrollforce Adequately Pleads a Counterclaim for Attorney's Fees

Finally, Inspired moves to dismiss Enrollforce's claim for attorney's fees. Enrollforce seeks attorney's fees against Inspired for Inspired's alleged bad faith claim of trade secret misappropriation. Inspired argues Enrollforce did not properly plead the claim for attorney's fees as an affirmative defense. Pl.'s Mot. To Dismiss Def.'s Am. Countercl. 21. That is not the case. TUTSA gives the court discretion to award reasonable attorney's fees if a claim of misappropriation is made in bad faith. TEX. CIV. PRAC. & REM. CODE § 134A.005. Inspired alleges Enrollforce is liable under TUTSA for misappropriating Inspired's alleged trade secrets. Pl.'s Third Am. Compl. ¶¶ 38–41. Thus, Enrollforce may properly assert a counterclaim for attorneys fees should the court determine the claim was made in bad faith. Because Enrollforce has sufficiently pled a counterclaim for attorney's fees under TUTSA, Inspired's motion to dismiss the claim is denied.

CONCLUSION

For the forgoing reasons, the Court denies Plaintiff Inspired's motion to dismiss Enrollforce's amended counterclaims.

Signed September 12, 2016.

David C. Godbey

United States District Judge